UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIAN P. FANG, ZHENG C. JIAO, JIAN
ZHANG, BING S. XU, WEN H. YANG,
YING C. WANG, JIAN J. ZHANG, YONG
J. CHAO, QIAO Y. JIANG,

                Plaintiffs,

- against -

MAY & MAY RESTAURANT CORP. d/b/a
YUMMY HOUSE, LIANG-JIN HUANG,
YUNG PING WONG,

                Defendants.

**ORDER**

09 Civ. 00090 (PGG)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #. _____
DATE FILED: 8/20/09

PAUL G. GARDEPHE, U.S.D.J.:

        At the August 4, 2009 status conference, the Court directed counsel to submit letters concerning the parties' discovery disputes. The Court has reviewed Plaintiffs' letters, dated August 6, 2009 and August 12, 2009, and Defendants' letter dated August 10, 2009, and hereby orders that the parties supplement their discovery responses as follows:

        (1) Defendants must supplement their responses to all of Plaintiffs' interrogatories and document requests to cover the time period from October 1, 2001 until January 1, 2003. Because at least one plaintiff was employed beginning on October 1, 2001, and because the plaintiffs have asserted that the statute of limitations should be equitably tolled, it would be premature for the Court to hold that information concerning the entire time period of plaintiffs' employment is not "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

        (2) In response to Plaintiffs' Document Request No. 7, Defendants must produce responsive documents for a six-month sample period (with the period to be agreed upon by the

parties within two business days of the date of this Order). Request No. 7, which seeks "all documents reflecting, referring or relating to delivers made by any Plaintiff: including but not limited to register or other receipts that recorded the employees who made particular deliveries," is reasonably calculated to lead to the discovery of admissible evidence concerning the hours that Plaintiffs worked, which is a key issue in this case. Defendants have not shown that responding to the request would be <u>unduly</u> burdensome, particularly for a six-month time period. After reviewing the documents produced by Defendants in response to Request No. 7, Plaintiffs may renew their request for the production of documents relating to the entire time period covered by the litigation. Any renewed request should demonstrate that the sample of documents provided by Defendants is unrepresentative of the entire time period or is otherwise inadequate.

(3) With respect to Plaintiffs' Document Request No. 24, Defendants must produce any responsive documents that reflect or contain statements concerning the wages of or hours worked by Yummy House Restaurant employees, for the time period from October 1, 2001 through the present. To the extent Plaintiffs seek other documents concerning Defendants' workers' compensation and short-term disability insurance policies, Plaintiffs have not shown that their request seeks information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiffs have not asserted any claims concerning workers' compensation or short-term disability insurance in this case.

(4) With respect to Plaintiffs' Interrogatory No. 3 and Interrogatory No. 5, Plaintiffs have not shown that Defendants' response is inadequate (except with respect to the time period for which Defendants responded). Defendants have provided documents from which Plaintiffs can identify the names of employees and former employees of Yummy House Restaurant.

(5) Defendants contend that Plaintiffs have not provided damages calculations outside the scope of settlement discussions. However, Plaintiffs have provided Defendants with detailed damages computations showing, by plaintiff: (1) the number of hours he or she claims to have worked in each week he or she claims not to have been paid properly, and (2) the amount of pay due in each of the categories claimed by Plaintiffs (e.g., unpaid overtime, unpaid spread-of-hours pay, etc.). Plaintiffs have also stated that they do not have any non-privileged documents supporting their computations. Therefore, Defendants' request that Plaintiffs supplement their initial disclosures regarding damages in accordance with Rule 26(a)(1)(A)(iii) is denied.

The parties must provide the discovery described above on or before August 31, 2009.

Dated: New York, New York
August 8, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge